ENTERED
JUN 20 2008
K.R.W.

FILED
at ____ O'clock & ____ min ____ M
JUN 20 2008
United States Bankruptcy Court
Columbia, South Carolina (25)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

IN RE:

Lyn S. Lee-Beam,

Debtor(s).

C/A No. 07-06773-JW

Chapter 11

**ORDER**

This matter comes before the Court on motion of Lyn S. Lee-Beam ("Debtor") to extend the time to confirm her small business Chapter 11 Plan filed on May 14, 2008 ("Plan"). This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and this is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(L). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding pursuant to Fed. R. Bankr. P. 7052 and Fed. R. Bankr. P. 9014(c), the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Debtor owns a historic home located on Rutledge Avenue in Charleston, South Carolina ("Inn"). For the past twenty-five years, the Inn has been operated as a bed and breakfast with Debtor being its most recent owner and operator. Debtor also uses the Inn as her residence.

2. On August 23, 2001, Debtor granted Wachovia Bank, N.A. a first mortgage on the Inn. The rights of Wachovia Bank, N.A. under the note and mortgage were later assigned to U.S. Mortgage, LLC.

3. As a result of a slow down in business, due, according to Debtor, to the terrorist attacks of September 11, 2001, Debtor became past due under the note, subjecting the Inn to foreclosure.

1

4. U.S. Mortgage filed a foreclosure action in Charleston County in December of 2003.

5. Prior to the scheduled foreclosure sale, Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on March 2, 2004, case number 04-02531 ("First Case").

6. Prior to confirmation of Debtor's chapter 13 plan, the First Case was dismissed on July 21, 2004 for Debtor's failure to make plan payments to the chapter 13 trustee.

7. U.S. Mortgage reinstated its foreclosure action following the dismissal of the First Case and proceeded to sell the Inn through a foreclosure proceeding.

8. Prior to the foreclosure sale becoming final, Debtor filed a second case, with the assistance of counsel, under chapter 11 of the Bankruptcy Code, case number 04-14652, on December 9, 2004 ("Second Case").

9. On February 16, 2005, Debtor and U.S. Mortgage entered into a consent agreement allowing Debtor to use the cash collateral of U.S. Mortgage in exchange for Debtor making adequate protection payments to U.S. Mortgage in the amount of $6,000.00 per month.

10. Debtor filed a disclosure statement and chapter 11 plan in the Second Case on April 8, 2005.

11. The Court approved the disclosure statement and confirmed Debtor's chapter 11 plan on June 9, 2005.

12. The confirmed plan provided that Debtor would market and sell the Inn within two years of the effective date of the plan.[1] The plan anticipated that all creditors would be paid in full and with interest from the sale of the Inn. If the Inn failed to sell within two years of the effective date of the plan, the plan provided that Debtor would place the Inn for sale with an auctioneer and that the Inn would be auctioned within one hundred and twenty (120) days of July 9, 2007. The plan also provided that Debtor would continue to make adequate protection payments to U.S. Mortgage until the Inn was sold.

13. The Court closed the Second Case on August 10, 2005, but retained jurisdiction pursuant to 11 U.S.C. § 1142.

14. Following confirmation of the plan in the Second Case, Debtor listed the Inn for sale with several realtors and a business broker. Debtor received offers for the sale of the Inn that exceeded the amount of U.S. Mortgage's mortgage but Debtor did not accept any offers due either to Debtor's dissatisfaction with the purchase price offered or contingencies that could not be fulfilled.[2]

15. Debtor contacted an auctioneer about the sale of the Inn but did not place the Inn up for auction as required by her confirmed Plan. Debtor testified that she decided not to auction the Inn due to the depressed housing market and upon the advice of the auctioneer.

16. U.S. Mortgage reinstated the foreclosure action and scheduled the sale of the Inn for December 4, 2007.

---

[1] Pursuant to the plan, the "effective date" of the plan was July 9, 2005, which was 30 days following confirmation.

[2] Debtor testified in January that she received two offers to purchase the Home that each exceeded $2 million; however, the purchasers did not close because the City of Charleston would not allow the purchasers to use the Home for the various uses planned by the purchasers.

3

17.  Prior to foreclosure, Debtor, acting *pro se*,[3] filed this third bankruptcy case, case number 07-06773, on December 3, 2007 ("Third Case") under chapter 11 of the Bankruptcy Code.[4] According to Debtor's petition and schedules, this is a Small Business Case pursuant to 11 U.S.C. §1121.

18.  On December 19, 2007, U.S. Mortgage filed a motion to dismiss this case with prejudice based upon Debtor's failure to comply with the credit counseling requirement of 11 U.S.C. § 109(h) and based upon Debtor's alleged bad faith in filing this case ("Motion to Dismiss").

19.  For the reasons stated therein, on February 26, 2008 the Court entered its Order denying U.S. Mortgage's Motion. Notwithstanding the denial of the Motion to Dismiss, the Court indicated that it would consider the appointment of a trustee or the conversion of this case.

20.  Debtor has failed to file Monthly Operating Reports for April and May of this year. According to the Operating Reports for December 2007 through February 2008, Debtor's net cash profit per month did not exceed $3,909.60 which does not meet the required payments of $6,000 per month to U.S. Mortgage. During the month of March 2008, Debtor's net profit was $9,364.14, but that sum does not include payment to U.S. Mortgage.

21.  On April 17, 2008, the Court conducted a hearing on the Application for Compensation filed by Debtor's Counsel. At that hearing, the Court reminded Debtor of the need to move the case forward pursuant to the Order Denying Dismissal.

---

[3] Debtor retained an attorney in this case prior to the hearing on the Motion to Dismiss.
[4] The Third Case is governed by the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").

22. On May 7, 2008, the Court set a status hearing for May 15, 2008 because no plan had been filed.

23. On the afternoon before the status hearing, Debtor filed a Chapter 11 Small Business Plan & Disclosure Statement. According to the Plan & Disclosure Statement, Debtor will continue the operation of the Inn and seek to refinance the debt during 2008. The Plan also states that in the alternative, the Inn will be listed for sale on or before June 1, 2008. According to the court's records, Debtor has not employed real estate or financing professionals to assist her with the sale or refinancing proposed in the Plan. The Plan does not provide an alternative method of payment to creditors if Debtor is unable to sell or refinance the Inn.

24. On May 21, 2008, Debtor filed a Motion to Expedite the Hearing on its Plan and Disclosure Statement. This action was not in compliance with the procedure set forth in Fed. R. Bankr. P. 3017.1. After 4:00 p.m. on the afternoon of Friday, May 23, 2008, Debtor filed the Amended Motion for Order Conditionally Approving the Disclosure Statement. In order for Debtor to obtain a hearing and meet the requirement to confirm the Plan within 45 days of its filing, pursuant to 11 U.S.C. 1129(e), and providing creditors with the notice required by Fed. R. Bankr. P. 2002(b) Debtor would have been required to serve any Conditionally Approved Disclosure Statement by May 24, 2008. Because Debtor was unable to timely serve the Disclosure Statement, the court did not grant the motion on an ex parte basis.[5]

---

[5] The office of Debtor's counsel was closed when contacted by the staff of the Clerk of Court on May 23, 2008. The following Monday was a holiday.

5

25. Not being able to meet the requirements of §1129(e), Debtor filed the Motion to Extend Time to Confirm Plan on June 4, 2008. On June 11, U.S. Mortgage filed an Objection to Debtor's Motion to Extend Time to Confirm Plan.

## CONCLUSIONS OF LAW

Debtor's case is a small business case pursuant to 11 U.S.C. §101(51C). However, Debtor did not file a motion to conditionally approve the Disclosure Statement in time to serve any related order and meet the requirements of 11 U.S.C. § 1129(e) and Fed. R. Bankr. P. 2002(b).

Section 1121(e)(3) allows for an extension of time to confirm a small business plan. It provides that the time set by section 1129(e) within which the plan shall be confirmed may only be extended if: a) the debtor, after providing notice to parties in interest, demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable time; b) a new deadline is imposed at the time the extension is granted; and c) the order extending time is signed before the existing deadline has expired. 11 U.S.C. § 1121(e)(3).

According to the plain language of § 1121(e)(3), the debtor must ensure that it has filed a plan in a timely fashion and with adequate disclosures, that it is prepared to prove within the prescribed period that it is entitled to an extension and present sufficient evidence at the hearing to allow the court to find that a confirmation is likely. See In re Save Our Springs (S.O.S.) Alliance, Inc., 2008 WL 1711515, *17-18 (Bankr.W.D.Tex.2008).

In Save Our Springs, the court held that "the statutorily-required finding (that it is more likely than not that the debtor shall obtain confirmation within a reasonable time) should be deemed to be satisfied if the debtor can show it has acted promptly and 'aggressively,' and if a decision on the merits is imminent." Id. at *21.

The Plan filed by the Debtor generally provides for all likely alternatives for a property of its nature; its continued operation, the refinancing of debt or a sale of the Inn. Therefore, the Court is convinced that consideration of the likelihood that this Plan will be confirmed within a reasonable time period is the proper inquiry to meet the statute.

In this matter, Debtor bears the burden of proof by a preponderance of the evidence. The Debtor was not present at the hearing on the Motion, but evidence in the form of annual Profit and Loss projections for 2005-2008 was presented on behalf of Debtor. U.S. Mortgage objected to the Motion and argued that Debtor has no reasonable prospect of successfully reorganizing.

Considering the evidence, the record of the case and the arguments of counsel, the Court finds that Debtor's Plan is not likely to be confirmed within a reasonable time. First, Debtor has made no demonstration that she can make sufficient payments that would be required in a confirmable plan. According to Debtor's Profit & Loss calculations for 2005-2007 and 2008's projection, Debtor is not making a sufficient profit from operations to fund necessary debt service with interest. Adequate protection payments without a realistic means to address the principal debt are not adequate to provide long term relief to a secured creditor.

Next, Debtor has failed to present any evidence of legitimate plans to refinance or that she will comply with the terms of the Plan in this case particularly in light of her

failure to comply with a similar plan confirmed in the Second Case. Although Debtor's Plan asserts that she will refinance in an effort to continue operation of the Inn, Debtor has failed to hire a real estate professional to assist her. The Plan was filed in May of 2008 and Debtor has presented no evidence indicating progress. Debtor has further failed to seek the sale of the Inn by the June 1, 2008 deadline proposed in the Plan. The Court also notes that Debtor has had extended prior opportunities to refinance or sell the Inn.

Finally, Debtor has failed to file Monthly Operating Reports for the months of April and May of 2008 in violation of Local Rule 2081-1(a)(3). Considering the history of Debtor's previous cases which delayed foreclosure by the secured creditor, Debtor's failure to perform the requirements of previous plans, including an agreement to auction the property, Debtor's failure to move this case in an expedient fashion as contemplated by the requirements for a small business case, and because it appears that the Plan is not likely to be confirmed within a reasonable time, the Motion to Extend Time to Confirm Plan is denied.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
June 20, 2008